**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 5:91-cr-00552 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF TERM OF SUPERVISION** |
| v. | |
| ARTHUR JOHN JUNG, | |
| Defendant(s). | [Docket Item No(s). 1644] |

On December 12, 1996, a jury convicted Defendant Arthur John Jung of (1) aiding and abetting an American citizen on board a foreign vessel in the distribution of hashish and (2) aiding and abetting the distribution of hashish on board a vessel subject to the jurisdiction of the United States. See Docket Item No. 1389. Defendant was sentenced to a custodial term of 240 months and five years of supervised release. See Docket Item No. 1420.

Defendant was released from custody in or about March 12, 2009, and thereafter began serving the imposed term of supervised release. See Mot. for Early Termination of Term of Supervision ("Motion"), Docket Item No. 1644. After residing in Hawaii, Defendant was involved in a motorcycle accident in September, 2011, which has essentially rendered him incompetent and unable to make significant decisions. Id.

Defendant is scheduled to be released from supervision in or about March, 2014. After serving approximately 44 months of the 60-month term, Defendant now moves for an order terminating supervised release pursuant to 18 U.S.C. § 3583(e)(1). Defendant contends that his

1
CASE NO. 5:91-cr-00552 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF TERM OF SUPERVISION

1  probation officer supports early termination.  The Government has filed a response to Defendant's
2  motion indicating that it does not oppose the Motion.  Having considered all relevant submissions
3  and documents, the court finds this matter suitable for decision without a hearing.  For the reasons
4  stated below, Defendant's Motion will be granted.

## I.  DISCUSSION

18 U.S.C. § 3583(e)(1) provides, in pertinent part:

> The court may, after considering the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) -
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

"[T]he plain language of the statute indicates that the district courts have broad discretion to alter the conditions of a defendant's supervised release." United States v. Miller, 205 F.3d 1098, 1100 (9th Cir. 2000).  "Occasionally, changed circumstances - for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release - will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." United States v. Lussier, 104 F.3d 32, 36 (2nd Cir. 1997) (emphasis added). The modification or termination mechanism provided by § 3583(e)(1) allows the court "to respond to changes in the defendant's circumstances that may render a previously imposed condition of release either too harsh or inappropriately tailored to serve the general punishment goals of § 3553(a)." United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002).

Here, Defendant argues that termination of supervised release is appropriate for various reasons.  Defendant states that, despite the seriousness of his offense, he has served a lengthy custodial sentence, has not returned to criminal activity, has integrated himself into society and a "solid and supporting family environment," and has maintained a clear record on supervised release. Defendant also believes his age - 66 years old - as well as the disabilities resulting from the

1  motorcycle accident are factors that favor termination.

2  As noted, the Government does not oppose Defendant's request. For its part, the
3  Government indicates that Defendant's "clean record on supervision and the support of the
4  Probation Officer currently supervising him, coupled with his significant medical issues make . . .
5  his request for early termination a reasonable one."

6  After considering the relevant pleadings along with the statutory factors, the court finds that
7  Defendant has demonstrated changed circumstances sufficient to justify a termination of his term of
8  supervised release. Accordingly, Defendant's Motion should be granted.

## II. ORDER

10  Based on the foregoing, Defendant's Motion for Early Termination of Term of Supervision
11  pursuant to 18 U.S.C. § 3583(e)(1) is GRANTED. The remaining term of supervised release
12  imposed by the Judgment filed April 22, 1997, is TERMINATED forthwith.

**IT IS SO ORDERED.**

Dated: December 13, 2012



EDWARD J. DAVILA
United States District Judge